UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-24051-CIV-MARTINEZ
MAGISTRATE JUDGE P. A. WHITE

JAMES EMANUELL AUSTIN,            :

          Petitioner,            :

v.                               :            REPORT OF
                                              MAGISTRATE JUDGE
UNITED STATES                    :               (DE#13)
GENERAL ATTORNEY,

          Respondent.           :
_____

     The pro-se petitioner, James Emanuell Austin, filed a petition
for a writ of habeas corpus pursuant to 28 U.S.C. §2241, while
confined in the Krome Service Processing Center, seeking release
from Immigration and Naturalization Services detention.

     An Order to Show Cause was issued, and the government filed a
motion to dismiss (DE#13), stating correctly that this claim is
moot. Austin has been released from ICE custody and is no longer
detained. He resides at a street address in Lake City, Florida.
(The government includes a Release Notification and Order of
Supervision as Exhibit A in support of its claim).

     In Zadvydas v. Davis, et al., 533 U.S. 678 (2001), the Supreme
Court found that the reasonable duration for the post-removal-
period detention of a criminal alien is six months.  Id.  The Court
instructed that after the expiration of the presumptive six-month
removal period, the alien's continued detention must be examined;
and if it is determined that continued detention is unreasonable,
the Court should order the alien's release, which "may and should
be conditioned on any of the various forms of supervised release
that are appropriate in the circumstances."  Id.

When considering the lawfulness of an alien's detention reviewing courts must first ask "whether the detention in question exceeds a period reasonably necessary to secure removal;" and if the Court finds that removal is reasonably foreseeable, it should consider "the risk of the alien committing further crimes as a factor potentially justifying confinement within that reasonable removal period."   Id at 699-700.   The Court established a presumptive period of six months for the government to effect removal.   If after six months the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must produce evidence to rebut the showing.   Id. at 701.   As the period of post-removal detention grows, what counts as the "reasonably foreseeable period" shrinks.   Id.   Although the Court establishes a presumptively reasonable period of six months, it recognizes that an alien could be held longer until it is determined that there is no significant likelihood of removal in the reasonably foreseeable future.   Id.

Clearly, the petitioner's release from incarceration renders this petition moot. Article III of the Constitution limits the federal court jurisdiction to the consideration of cases and controversies. In order to satisfy the constitutional requirement, the petitioner must suffer or be threatened with an actual injury traceable to the defendant, which is likely to be redressed by a favorable judicial decision. Soliman v. United State, 296 F.3d 1237, 1243-44 (11 Cir. 2002). Once the petitioner is released, he must demonstrate an existing collateral consequence in order to maintain the suit. Id. Spencer v Kemma, 523 U.S. 1 (1998)

It is therefore recommended that the government's motion to dismiss (DE#13) be granted, and this case be dismissed as moot.

2

Objections to this Report may be filed with the United States District Judge within fourteen days after receipt.

Dated this 28th day of March, 2011.

UNITED STATES MAGISTRATE JUDGE

cc:   James Emanuell Austin, Pro Se
      Alien No. 020204500
      770 NW Richardson Terrace,
      Lake City, FL 32055

      Milton Apointe, AUSA
      Attorney of record